USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/12/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

-v-

JPMORGAN CHASE BANK, N.A.,

Defendant.

14-cv-9402 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On November 25, 2014, defendant JPMorgan Chase Bank, N.A. ("Chase") removed this action from the Supreme Court of New York, New York County, pursuant to 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. On December 20, 2014, plaintiff Lehman Brother Holdings Inc. ("LBHI") moved this Court to remand the proceedings to state court on the ground that Chase's removal was untimely. For the reasons that follow, the Court grants LBHI's motion.

The facts that gave rise to the pending motion, while not complicated, are somewhat peculiar. On July 11, 2014, LBHI, a citizen of New York, filed a summons with notice in New York Supreme Court that it later served on Chase, a citizen of Ohio, on October 10, 2014. See Defendant's Notice of Removal ("Removal Notice") ¶ 1-2, 9-10. The substance of the summons alleged that "Defendant" violated the terms of four mortgage servicing agreements, see Summons at 2-4, and though it mentioned in a footnote that Chase

(along with various other entities not named in the lawsuit) was a party to one of the servicing agreements, id. at 2 n.2, Chase's name was otherwise absent from the summons. Moreover, while (under New York practice) no complaint had yet been served or filed, the case caption on the summons inadvertently named Chase's parent company, JPMorgan Chase & Co. ("JPMorgan"), as the defendant. Id. at 1. JPMorgan, like LBHI, is a citizen of New York. Removal Notice ¶ 13.

Recognizing the typographical error in the case caption, LBHI, when it served the summons with notice on Chase on October 10, also included a cover letter explaining the error. The cover letter stated, "Please be advised that JPMorgan Chase Bank, N.A. is the intended defendant in this action and thus is hereby being served with the enclosed summons with notice. LBHI intends to promptly file a motion, pursuant to N.Y. CPLR Section 305(c) and 2001, to correct this misnomer and amend the defendant's name."[1] Declaration of David I. Schiefelbein ("Schiefelbein Decl."), Ex. 5. Three different Chase representatives accepted service of the cover letter and the summons with notice. See Schiefelbein Decl., Exs. 2-4; Removal Notice, Ex. 2.

---

[1] N.Y. C.P.L.R. Section 305(c) provides, "At any time, in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." Section 2001, in relevant part, provides, "At any stage of an action, including the filing of a summons with notice . . . the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just . . . ."

On October 27, LBHI, as indicated in the cover letter, filed a "Motion to Amend Defendant's Name." Removal Notice ¶ 3. The next day, Chase notified LBHI that it did not oppose the motion, Schiefelbein Decl., Ex. 6, and on November 13, while LBHI's motion remained pending in front of the Supreme Court, Chase appeared in the action and demanded the complaint. Removal Notice ¶ 3. The Supreme Court granted the unopposed motion to amend on November 18, and Chase filed its notice of removal on November 25, prompting the pending motion to remand.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. If the basis for federal jurisdiction exists on the face of the initial pleading as filed, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Id. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

LBHI takes the position that diversity jurisdiction existed on the face of the summons with notice. According to LBHI, once Chase received the summons, it should have recognized that it, not

JPMorgan, was the party to the relevant servicing agreements and that it therefore stood as the "real party defendant in interest." Cf. La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 92 (2d Cir. 2014). Therefore, LBHI concludes, Chase was aware that the plaintiff and real defendant were diverse, and the time to remove began to run when Chase accepted service. In response, Chase contends that the presence of JPMorgan's name in the caption of the summons destroyed diversity at the time of filing -- as JPMorgan and LBHI are both citizens of New York -- and that this case did not become removable until the Supreme Court granted LBHI's motion to amend the defendant's name.

The Court assumes, arguendo, that Chase is correct that no diversity existed on the face of the summons, but nonetheless finds that Chase's time to remove expired on November 9, 30 days after Chase accepted service. Here, the cover letter served as "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d 195, 200 (D. Conn. 2004) ("[M]ost courts have held . . . that § 1446(b) is not limited to papers filed in the litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties.").[2] The cover letter provided Chase with notice that it,

---

[2] While there may be reason to doubt the broad scope that some courts have given to the phrase "other paper," see Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 77 (1st Cir. 2014) (considering, and rejecting, the argument that "other paper" is limited to documents "formally

not JPMorgan, was the intended defendant and made clear that the inclusion of JPMorgan in the caption was merely a "misnomer." Schiefelbein Decl., Ex. 5. At that point, Chase had knowledge that the only two parties to this action were Chase and LBHI and that diversity of citizenship existed. Thus, the thirty-day clock for removal started to tick on October 10, see 28 U.S.C. § 1446(b)(3), and it expired on November 9.

Chase was also capable of removing the action at that time. It became a defendant in the action when it accepted service, not when the Supreme Court granted LBHI's motion to amend. Cf. Benware v. Schoenborn, 604 N.Y.S.2d 290, 291 (3d Dep't 1993) ("Although the defendant was misnamed, jurisdiction was obtained over the corporation via personal service upon its president."). Indeed, Chase entered a notice of appearance and demanded the complaint before the Supreme Court granted LBHI's motion to amend, and the demand was made pursuant to a statute that provides, in relevant part, that "the defendant may serve a written demand for the complaint." N.Y. C.P.L.R. § 3012(b) (emphasis added). In short, Chase, as a defendant in the state proceedings, should have exercised its right to remove during the 30-day period that began on October 10.

---

filed and/or served on the parties"), the cover letter here clearly falls within the scope of the term because it was formally served on the same Chase representatives who accepted service. See Removal Notice, Ex. 2.

For the foregoing reasons, the motion to remand is granted. The Clerk is directed to enter judgment remanding the case to the New York Supreme Court.

SO ORDERED.

Dated: New York, NY
January 9, 2015

JED S. RAKOFF, U.S.D.J.